IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY PAUL ROBERSON                                                                    PLAINTIFF

vs.                                     Civil No. 4:16-cv-04093

NANCY A. BERRYHILL
Acting Commissioner, Social Security Administration                                      DEFENDANT

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 17.[1] With this Motion, Plaintiff requests an EAJA award of $3,905.20. *Id.* Defendant has responded to this Motion and objects to Plaintiff's Motion. ECF No. 18. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1. Background:**

Gregory Paul Roberson ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for disability benefits. ECF No. 1. On February 20, 2018, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 15, 16.

On May 14, 2018, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 17. With this Motion, Plaintiff requests an award of attorney's fees of $3,905.20, representing 4.60 hours of attorney time in 2016 at an hourly rate of $188.00, 14.10 hours of attorney

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

time in 2017 at an hourly rate of $192.00, and 1.70 hours of attorney time in 2018 at an hourly rate of $196.00. *Id.* Defendant responded to this Motion on May 29, 2018 and objects to Plaintiff's entire EAJA request by claiming the Government's position was "substantially justified" and Plaintiff is not entitled to an award under EAJA. ECF No. 18. Defendant does not otherwise object to Plaintiff's request for fees under the EAJA. *Id.*

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller

fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 16. Despite the fact this case was remanded, Defendant claims Plaintiff should not be awarded attorney's fees under the EAJA because the Government's position was "substantially justified." ECF No. 18. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). Here, the Court finds Defendant has not met that burden. Accordingly, the Court finds Plaintiff is entitled to an award under the EAJA.

Plaintiff requests a total award of $3,905.20 under the EAJA. ECF No. 17. Plaintiff requests

these fees at a rate of $188.00 per attorney hour for work performed in 2016, $192.00 per attorney hour for work performed in 2017, and $196.00 per attorney hour for work performed in 2018. *Id.* These hourly rates are authorized by the EAJA as long as the CPI-South index justifies the enhanced rates. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff's requested rates for work performed is authorized by CPI-South index. Further, Defendant does not object to this hourly rate. ECF No. 18. Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $188.00 per hour of attorney work performed in 2016, $192.00 per attorney hour for work performed in 2017, and $196.00 per attorney hour for work performed in 2018.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 17. This Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,905.20, representing 4.60 hours of attorney time in 2016 at an hourly rate of $188.00, 14.10 hours of attorney time in 2017 at an hourly rate of $192.00, and 1.70 hours of attorney time in 2018 at an hourly rate of $196.00.

### 4. Conclusion:

Based upon the foregoing, the Court awards Plaintiff **$3,905.20** pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **5th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE